# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jealdine Collins,                               :
              Appellant      :
                             :
                             :
            v.                  :   No.  702 C.D. 2024
                             :
Delaware County Tax Claim Bureau :
and Guy Leroy                       :   Submitted:  March 3, 2026


BEFORE:   HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                              FILED: June 5, 2026


       Jealdine Collins (Collins) appeals from an order of the Court of Common Pleas of Delaware County (trial court), dated April 30, 2024, which dismissed Collins's objection to an upset tax sale of her property. The trial court concluded the Delaware County Tax Claim Bureau (Bureau) complied with all provisions of the Real Estate Tax Sale Law (RETSL)[1] governing notice of the sale. After review, we reach the same conclusion and affirm the trial court.

       Collins owned the property at 1219 Longacre Boulevard, Lansdowne, Delaware County, Pennsylvania (Property).  The Property was listed and sold at an upset tax sale on September 21, 2023.  Collins filed timely objections to the sale. The trial court held an evidentiary hearing on March 12, 2024.  At the same hearing, the trial court addressed a separate objection to the sale of an adjoining vacant lot

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-.803.

Collins also owned, which was the subject of a separate appeal by Collins and Jeallia C.V. Irvin to this Court. *See Collins v. Delaware Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 703 C.D. 2024, filed Apr. 10, 2026), 2026 WL 969583.

At the hearing, Guy Leroy, the successful bidder at the tax sale and an appellee here,[2] presented the testimony of Janine Heinlein, Upset Sales Coordinator for the Bureau. Reproduced Record (R.R.) at 38a. Heinlein stated about a year before the sale, the Bureau mailed a notice of return and claim for the overdue taxes to Collins at the Property's address, and the receipt for the mailing was returned with "CV-19" written in the signature box.[3] *Id.* at 39a-40a. She testified the Bureau sent notice of the tax sale by certified mail, restricted delivery, to Collins, which was returned signed by Collins. *Id.* at 40a-41a. The trial court admitted a copy of the signed return. *Id.* at 72a. Heinlein also testified the Property was posted with notice of the sale, the Delaware County Sheriff personally served notice on Collins at the Property, and the Bureau sent a "10-day notice" of the sale via first class mail immediately before the sale. *Id.* at 40a-42a.

In its April 30, 2024 Order, the trial court dismissed Collins's objections. In its Pa.R.A.P. 1925(a) opinion, the trial court reasoned, in relevant part:

> [T]he court found Ms. Heinlein's testimony to be credible. Ms. Heinlein testified that she notified [Collins] by certified restricted mail to the last known address on or about March 22, 2022, more than 30 days prior to the sale. That mailing was signed for. Evidence was presented that the sheriff posted the property and personally served [Collins] with notice of the tax sale. Ms. Heinlein also mailed an additional final 10-day notice of the sale to the last known address. This mailing was not returned. These efforts satisfied 72 P.S. § 5860.602(e). Accordingly, this

---

[2] Neither Leroy nor the Bureau filed a brief on appeal.

[3] This was apparently a reference to the COVID-19 global pandemic.

2

court submits that the tax sale in this case should not have been set aside.

R.R. at 100a-01a. Collins appealed to this Court.

On appeal,[4] Collins raises a single issue: whether the Bureau demonstrated it complied with the requirement under Section 607.1 of RETSL[5] to make additional notification efforts. Collins concedes the Bureau complied with the initial requirements for notice of sale in Section 602 of RETSL, but maintains further efforts under Section 607.1 were required. *See* Collins's Br. at 13.

"Section 602 of [RETSL] requires the Bureau to provide three different forms of notice before commencing with an upset tax sale: (1) publication in two separate newspapers; (2) posting of notice on the property to be sold; and (3) mailing notice to the owner of the property." *Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). Section 607.1(a) also requires:

> When any notification of a pending tax sale . . . is required to be mailed to any owner . . . and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification, then, before the tax sale can be conducted . . . , the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him . . . .

72 P.S. § 5860.607a(a). The additional efforts of Section 607.1(a), however, are only required when "a notice of a tax sale is mailed to an owner and returned without the personal signature of the addressee," or other circumstances raise serious doubt about the personal receipt of the sale notice. *Smith v. Tax Claim Bureau of Pike*

---

[4] Our review in tax sale appeals "is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999).

[5] Added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a.

*Cnty.*, 834 A.2d 1247, 1252 (Pa. Cmwlth. 2003).

Collins argues Section 607.1 applies whenever "any of the mailed notices" are returned without signature, and she emphasizes the Bureau's notice of return and claim mailed a year before the tax sale were returned with the note "CV-19," not Collins's signature. Collins's Br. at 14. Collins asserts the Bureau has not established it performed additional notification efforts under Section 607.1, which were required because the notice of return and claim was not signed for.

We cannot agree. Section 607.1 applies only when the "notification of a pending tax sale" is returned under circumstances suggesting a failure of delivery. 72 P.S. § 5860.607a(a). The notice of return and claim signed "CV-19" is not a notice of a pending tax sale required by Section 602. Heinlein credibly testified the Bureau sent two such notices of the pending tax sale. One was sent by certified mail, restricted delivery and the return contains Collins's signature. R.R. at 40a-42a. The other was a "10-day notice" sent by first class mail and it was not returned as undelivered. *Id.* Accordingly, the Bureau's notice efforts under Section 602 were successful, and no return of those notices triggered an obligation for additional efforts under Section 607.1. Because the statute did not require additional efforts under these facts, the Bureau not performing such efforts is not a basis to set aside the sale.

We conclude the trial court did not err in denying Collins's objections to the tax sale. Accordingly, we affirm the trial court's order.

 

_____
MATTHEW S. WOLF, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jealdine Collins,                :
             Appellant    :
                         :
        v.             : No. 702 C.D. 2024
                         :
Delaware County Tax Claim Bureau  :
and Guy Leroy                :

# **O R D E R**

AND NOW, this 5th day of June 2026, the April 30, 2024 order of the Court of Common Pleas of Delaware County is AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge